**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



FILED

APR 01 2013

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

HARTFORD FIRE INSURANCE
COMPANY,

          Plaintiff - Appellant,

   v.

WESTAMERICA BANK,

          Defendant - Appellee.

No. 11-16775

D.C. No. 2:09-cv-02451-JAM-DAD

MEMORANDUM[*]

Appeal from the United States District Court
for the Eastern District of California
John A. Mendez, District Judge, Presiding

Argued and Submitted March 12, 2013
San Francisco, California

Before: FISHER, CALLAHAN and NGUYEN, Circuit Judges.

    Hartford Fire Insurance Company appeals the district court's grant of

summary judgment in favor of Westamerica Bank. We have jurisdiction under 28

U.S.C. § 1291, and we affirm.

[*]This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

**1.** The district court properly determined that the set aside agreement (Agreement) between Westamerica and Hartford, by its plain language, imposed no obligation on Westamerica to ensure that construction work had been completed before disbursing funds set aside to pay for that work. The Agreement authorized Westamerica to make payment "on the authorization of" the borrower, without any verification requirements, and explicitly provided that Westamerica "makes no representations as to the use of such funds after such withdrawal," that Westamerica "undertakes no obligation to determine or insure . . . that such improvements have been properly completed" and that "[Westamerica] will not be responsible to the Borrower or to [Hartford] for proper use of funds disbursed."

**2.** The extrinsic evidence Hartford proffered did not introduce any ambiguity into Agreement. Evidence of industry usage "can be invoked only to interpret, not to create, contractual terms." 1 Witkin, Summary of Cal. Law (10th), Contracts § 755 (citing *Peiser v. Mettler*, 50 Cal. 2d 594, 609 (1958)). There is no evidence that Hartford's executive's expectations regarding the Agreement were shared with Westamerica. *See Banning Ranch Conservancy v. Superior Court*, 193 Cal. App. 4th 903, 915 (2011) ("[A] party's undisclosed subjective intent cannot be used to override the contractual terms themselves."). The provisions Hartford has cited from the construction loan agreement between Westamerica and the borrower

2

were expressly for Westamerica's benefit, and none obligated Westamerica to verify completion before disbursing funds.

**3.** The district court properly granted summary judgment in favor of Westamerica on Hartford's conversion claim because that claim was dependent on Hartford's contract claim.

**AFFIRMED.**